JUL-16-1999  08:59        USDC HUNTSVILLE                    205 551 0741    P.011/022

FILED
99 JUL 15 PM 4:2
U.S. DISTRICT COU
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MELVIN DAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV 96-S-3287-NE |
| | ) |
| CHARLES D. PAGE, Jr., | ) |
| | ) |
| Defendant. | ) |

ENTERED
JUL 16 1999

## MEMORANDUM OF OPINION

Plaintiff, Melvin Dawson, Sr., initiated this action by filing a *pro se* complaint stating claims under 42 U.S.C. §§ 1981, 1983, and 1985 and Alabama law. Plaintiff named Charles D. Page as the sole defendant, identifying Page in both the heading and the opening paragraph of the complaint as the Clerk of the Limestone County District Court. Plaintiff set forth eight enumerated "allegations -- claims" involving two warrants for his arrest that were signed by defendant Page. In an amendment to his complaint,[1] plaintiff alleged that defendant Page failed "to honor" a subpoena to appear and testify at plaintiff's trial. Defendant Page filed motions to dismiss the complaint and the amended complaint. The magistrate judge notified the parties that the motions to dismiss

---

[1] While this document is entitled "Addendum" (Document #12) the effect of this document was to amend the original complaint by adding additional claims.

32

would be construed as motions for summary judgment and provided the parties twenty (20) days to submit any relevant materials.

On March 5, 1999, the magistrate judge filed a report and recommendation (Document #18) in which it was recommended that defendant Page's motions for summary judgment be granted, that plaintiff's federal claims be dismissed with prejudice, and that plaintiff's state claims be dismissed without prejudice. In addressing plaintiff's federal claims concerning the two arrest warrants, the magistrate judge found that defendant Page, as the Clerk of the District Court of Limestone County, is a district court magistrate by virtue of Rule 18(I)(A)(1), ALA. R. JUD. ADMIN.,[2] and is therefore entitled to judicial immunity on all claims related to the issuance of the search warrants. Plaintiff filed objections to the report and recommendation on April 5, 1999, taking issue with the magistrate judge's finding that defendant Page is a district court clerk. In his objections, plaintiff asserted that defendant Page is a circuit court clerk, rather than a district court clerk, and therefore that Page cannot be a

---

[2] Rule 18, ALA. R. JUD. ADMIN., establishes "an administrative agency within the State of Alabama to be known as the 'magistrates agency,' which [is] organized in two divisions; a district court magistrates agency division and a municipal court magistrates agency division." Rule 18(I)(A)(1) specifically provides, in pertinent part, that "[t]he district court magistrates agency division shall include magistrates selected as follows: (1) *All clerks of the district courts* . . . ." (Emphasis added.) One of the specifically enumerated powers of a district court magistrate is the "[i]ssuance of arrest warrants." Rule 18(I)(A)(2), ALA. R. JUD. ADMIN.

district court magistrate pursuant to Rule 18(I)(A)(1), ALA. R. JUD. ADMIN.

On April 15, 1999, the magistrate judge entered an order directing defendant Page to supplement the record by submitting information concerning his official position on August 8, 1996, the date on which the arrest warrants in question were issued. Defendant Page filed his response on May 11, 1999, attaching an affidavit in which he stated that he is the duly elected Clerk of the Circuit Court of Limestone County and that, by virtue of § 12-17-160, ALA. CODE,[3] he is also the Clerk of the District Court of Limestone County. Defendant Page further stated that, on August 8, 1996, he held the position of District Court Clerk; that as District Court Clerk, he was also the district court magistrate; and that he issued the arrest warrants in question in his official capacity as the district court magistrate. Plaintiff filed a "rebuttal and traverse to the response" asserting that Page is not a District Court Clerk, but providing no facts to support his conclusory allegation.

On June 8, 1999, the magistrate judge entered a supplemental report and recommendation (Document #27) in which he specifically

---

[3]Section 12-17-160 provides, in pertinent part:

"[T]he clerk of the circuit court shall be *ex officio* clerk of the district court within the circuit and shall have administrative responsibility for and supervision of the records and clerical services of the district court in accordance with applicable general laws and rules."

found that "defendant Page is, in fact, both the Clerk of the District Court of Limestone County and a district court magistrate. As discussed in the report and recommendation entered March 5, 1999, defendant Page is entitled to judicial immunity on all claims related to the issuance of the search warrants. (Document #18 at 5-6.)" The magistrate judge again recommended that defendant Page's motions for summary judgment be granted, that plaintiff's federal claims be dismissed with prejudice, and that plaintiff's state claims be dismissed without prejudice. Plaintiff filed objections to the supplemental report and recommendation on June 22, 1999, again alleging that defendant Page is not a District Court Clerk, but, again, offering no evidence to support his conclusory assertion.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the supplemental report and recommendation, and the objections filed to each by the plaintiff, the Court is of the opinion that the magistrate judge's report and supplemental report are due to be and are hereby ADOPTED and his recommendations are ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law. Accordingly, defendant's motions for

summary judgment are due to be GRANTED, plaintiff's federal claims in this action are due to be DISMISSED WITH PREJUDICE, and plaintiff's state claims in this action are due to be DISMISSED WITHOUT PREJUDICE. A Final Judgment will be entered.

DONE this the 15th day of July, 1999.

_____
UNITED STATES DISTRICT JUDGE